HUDSON, The (UNITED STATES v.). See Case No. 6,829.

HUDSON (UNITED STATES v.). See Cases Nos. 15,412 and 15,413.

HUDSON (VERNARD v.). See Case No. 16,921.

## Case No. 6,836.

HUDSON COAL CO. v. The MINNIE R. CHILDS.

[1 N. J. Law J. 42.]

District Court, D. New Jersey. Jan. 22, 1878.

MARITIME LIENS—ENFORCEMENT—AMENDMENT OF LIBEL—CONDITIONS IMPOSED.

[After condemnation under a libel to enforce a general admiralty lien for supplies, it appeared that the residence of the owner was at the port where the supplies were furnished, and libelant asked leave to amend so as to claim a lien under the local statutes. *Held* that, where other parties had come in to assert liens, the amendment would only be allowed upon condition that libelant should be entitled only to the balance left after the other claims were paid.]

[This was a libel in rem by the Hudson Coal Company against the Minnie R. Childs to enforce an alleged lien for stores and supplies. Heard on application for leave to amend the libel.]

The proceedings against the steamer were for stores and supplies furnished to her at Hoboken, and the libel filed assumed that her home was the port of New York. After the condemnation, (no one appearing on the return of the monition,) it came out upon an examination, that the owner was a resident of Hoboken, and there, at her home port, the vessel had received the stores, etc.; and hence there was no general maritime lien for the claim, and the libel did not allege any lien under the local laws of New Jersey. Leave was given to the libellants to apply to the court for an amendment of the libel, on notice to all parties in interest. The steamer having been sold, and other claimants having come in to participate in the proceeds of sale, objections were urged that there was not sufficient fund to pay all the liens, and that its allowance would in fact give the libellants a preference over the others, and that, the equities of all parties being equal, the libellants ought not to be put in a superior position.

M. W. Niven, for Hudson Coal Co. Muirheid & McGee, for other libellants.

NIXON, District Judge. There is certainly force in the objection; and especially in view of the fact that it appears from sundry payments made by the owner to the libellants and from the evidence that the libellants knew the residence of the owner when the libel was filed, and were presumed to know that they had no general maritime lien for their demand. Under the 24th admiralty rule the court has ample power to impose terms when amendments, in matters of substance, are asked for, and I think it proper to impose terms in this case. The libellants are allowed to amend the libel by inserting an allegation that they have a lien upon the vessel for the stores and supplies by virtue of the local laws of the state of New Jersey, and that the libel be filed to enforce the same; but upon the conditions, nevertheless, that they shall receive nothing out of the fund, under their amended libel, until the other lien creditors, whose claims have been allowed, have been paid. I have imposed these terms to avoid a precedent, although they are nominal in this case, as there are sufficient funds in the registry, I believe to pay all the claims, including the libellants', in full.

HUDSON, The HENDRICK. See Case No. 6,355.

HUDSON, The HENDRIK. See Case No. 6,358.

HUDSON RIVER BRIDGE CO. (COLEMAN v.). See Case No. 2,983.

HUDSON RIVER BRIDGE CO. (SILLIMAN v.). See Cases Nos. 12,851 and 12,852.

HUDSON RIVER R. CO. (HODGE v.). See Cases Nos. 6,559 and 6,560.

HUFFINGTON (KELLY v.). See Case No. 7,671.

HUFFMAN v. KEMP. See Case No. 13,465.